IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01015-WYD-MEH

GARY JAY NEUGER,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

**ORDER**

    THIS MATTER is before the Court on the Petition to Quash Summons, filed May 15, 2007 (docket #1) ("Petition to Quash") and the United States' Motion for Summary Denial of the Petition to Quash Summons and for Enforcement of the Summons, filed July 5, 2007 (docket #3) ("Motion for Denial").

    Plaintiff initiated this action on May 15, 2007 with the filing of his Petition to Quash, in which he seeks to quash a summons issued to U.S. Bank (the "Summons"). On April 27, 2007, Special Agent Nancy Coover personally served the Summons on U.S. Bank, and sent notice of issuance of the Summons to Plaintiff, via certified mail.

    In his motion to quash, Plaintiff states that "[t]he summons at issue seeks to exercise authority improperly because Gary J. Neuger is not within the limited class of entities to which the authority reflected at 26 U.S.C. § 7602(a) applies." It is Plaintiff's position that Title 26 of the United States Code "is not the law," but merely a

"representation of certain of the Statutes at Large," as "Title 26 has not been enacted into positive law." Mtn. to Quash pg. 1-2. Plaintiff further asserts that "only persons who have neglected or refused to file timely returns; those who are required to file monthly or other returns of objects; or those involved in the administration or enforcement of the internal revenue laws fall under the summons authority invoked by the IRS in this instance. . . . Gary J. Neuger is not such a person." Mtn. to Quash pg. 9.

26 U.S.C. § 7602(a) states in relevant part:

> (a) Authority to summon, etc.--For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized–
>
> (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry . . . .

26 U.S.C.A. § 7602.

When a party challenges a summons issued by the IRS or when the IRS asks that an summons be enforced, the IRS bears the burden of establishing that the summons: (1) was issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the United States Code. *United States*

*v. Powell*, 379 U.S. 48, 57-58 (1964).  Here, in support of its Motion for Denial, the IRS has submitted the Declaration of Special Agent Clay Carpenter.  Upon review of the Declaration, and the documents attached thereto, I find that the challenged Summons was issued for the legitimate purpose of ascertaining Plaintiff's income tax liability for the tax years 2001 through 2005, and to determine Plaintiff's ability to pay his previously assessed taxes for the tax years 1997 and 2000, and that the Summons seeks information relevant to that purpose.  I further find that the information sought is not already within the IRS's possession and that all proper administrative steps have been followed.  Thus, I find that the IRS has meet its burden of establishing that the Summons at issue is enforceable.

Moreover, I find that Plaintiff's arguments concerning why the Summons should be quashed are wholly without merit.  While Title 26 of the United States Code has not been enacted into positive law, the United States Supreme Court has made clear that this fact has only evidentiary significance and does not render Title 26 invalid or unenforceable.  1 U.S.C. § 204(a); *United States Nat'l Bank v. Independent Ins. Agents. of Am.*, 508 U.S. 439, 448 (1993).  In addition, § 7602 applies to Plaintiff as he is clearly within the class of persons who may be liable for taxes.

Finally, while the arguments asserted by Plaintiff in his Motion to Quash are not warranted by existing law, I decline the IRS's request that I award it attorney's fees and costs incurred in enforcement of the Summons.

Therefore, in light of the foregoing, it is hereby

ORDERED that the Petition to Quash Summons, filed May 15, 2007 (docket #1)

("Petition to Quash") is **DENIED**. It is

FURTHER ORDERED that the United States' Motion for Summary Denial of the Petition to Quash Summons and for Enforcement of the Summons, filed July 5, 2007 (docket #3) is **GRANTED**. It is

FURTHER ORDERED that U.S. Bank shall comply with the Summons issued by the Commissioner of Internal Revenue, served April 27, 2007, which is attached to the IRS's Motion as Exhibit A.

Dated:  August 14, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge